Citation Nr: 1434276 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 12-04 416 ) DATE
 )
 )
On appeal from the
Department of Veterans Affairs Regional Office in Lincoln, Nebraska


THE ISSUE

Entitlement to service connection for chronic myelogenous leukemia and plasmacytoma (CML), to include as a result of exposure to ionizing radiation.

REPRESENTATION

Appellant represented by: The American Legion

ATTORNEY FOR THE BOARD

Cheryl E. Handy, Counsel

INTRODUCTION

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2002).

The Veteran served on active duty from January 1953 to November 1956.

This matter is before the Board of Veterans' Appeals (Board) on appeal of a rating decision in December 2011 of the Department of Veterans Affairs (VA) Regional Office (RO) in Lincoln, Nebraska, which declined to reopen a previously denied claim of service connection for CML.

In February 2013, the Veteran appeared at a hearing held at the RO before a Decision Review Officer. A transcript of that hearing is in the claims file.

This case was previously before the Board in July 2013, when it was reopened and remanded for further development. 


FINDING OF FACT

The Veteran has current CML due to in-service ionizing radiation exposure.


CONCLUSION OF LAW

The criteria for service connection for CML have been met. 38 U.S.C.A. §§ 1101, 1110, 1112, 1113, 5107 (West 2002); 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Generally, to establish a right to compensation for a present disability, a Veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Service connection will be presumed where a veteran participated in a radiation risk activity in service and subsequently develops any form of leukemia, other than chronic lymphocytic leukemia. 38 U.S.C.A. § 1112(c); 38 C.F.R. § 3.309(d). for veterans who participated in defined radiation risk activities and have certain diseases.

When there is an approximate balance of positive and negative evidence regarding the merits of an issue, the benefit of the doubt shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.

The Veteran has provided statements regarding three specific types of exposure to ionizing radiation in service: witnessing an atmospheric test, exposure to possibly contaminated dust, and fighting a wildfire near Los Alamos, New Mexico. 

The Veteran has provided sworn testimony that in March 1953, while stationed at Parks Air Force Base in California, his unit was marched to the flight line to observe atmospheric nuclear test being conducted at the Nevada Test Site. They observed the flash and the mushroom cloud and were told that they were witnessing history as it happened. 

The Veteran has also provided written statements from two buddies he served with who recalled witnessing the nuclear test on the flight line in 1953. Also submitted were copies of letters sent by the Veteran in 1953 and 1954 to his wife (prior to their marriage) which describe the same events reported by the Veteran as likely to have exposed him to radiation. 

One of the letters is dated Tuesday, March 24, 1953, and describes seeing the atmospheric nuclear testing; independent evidence obtained by the RO shows that such a test was conducted on that day at the Nevada Test Site. This would have been during the period that Operation Upshot-Knothole was being conducted at the Nevada Test Site. 38 C.F.R. § 3.309(d)(3)(iv)(I) (2013).

Among the evidence submitted was a statement from his physician at a cancer center noting the Veteran's reports of in-service exposure to ionizing radiation; and commenting that the only known risk factor for chronic myelogenous leukemia was exposure to ionizing radiation. 

While there is no official record of the Veteran being exposed to ionizing radiation, his sworn statements, supported by the buddy statements and copies of contemporaneous letters, are sufficient evidence that he witnessed the atmospheric test and was therefore exposed to some level of radiation. In addition, any benefit of the doubt remaining must be applied in his favor with respect to exposure. 38 U.S.C.A. § 5107(b).

The criteria for service connection are met and the claim is granted. 38 C.F.R. §§ 3.304, 3.309(d).



ORDER

Entitlement to service connection for CML as a result of ionizing radiation exposure in service is granted.



____________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs